
FILED

DEC - 6 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KARI RECTOR and<br>CLAYTON RECTOR,<br><br>    Plaintiff,<br><br>    vs.<br><br>JEREMY OWENS,<br>**SERVE AT:**<br>    360 Stantonville Ln<br>    Henderson, NC 27537-7303<br><br>BARNES TRANSPORTATION SERVICES, INC.<br>**SERVE AT:**<br>    c/o Registered Agent<br>    Anthony Keith Barnes<br>    2309 Whitley Rd E<br>    Wilson, NC 27893<br><br>KENZIE ALLAN,<br>**SERVE AT:**<br>    10683 Mentford Rd.<br>    Marion, NC 28752<br><br>FREIGHTWORKS, LLC<br>**SERVE AT:**<br>    c/o Registered Agent<br>    Kevin Palmer<br>    900 Mountain Creek Rd, Apt V446<br>    Chattanooga, TN 37405-4525<br><br>FREIGHTWORKS LOGISTICS, LLC<br>**SERVE AT:**<br>    c/o Registered Agent<br>    Joshua Farmer<br>    668 Poors Ford Road<br>    Rutherfordton, NC 28139<br><br>ASHLIEGH HUFFMAN,<br>**SERVE AT:**<br>    173 Hillsdale Rd.<br>    Union Grove, NC 28689-9021 | CIVIL ACTION No. 3:21cv409<br><br>**JURY TRIAL DEMANDED**<br><br>Atchley/Poplin |

| CRETE CARRIER CORPORATION | ) |
| **SERVE AT:** | ) |
|     c/o Registered Agent | ) |
|     National Registered Agents, Inc. | ) |
|     300 Montvue Rd. | ) |
|     Knoxville, TN 37919-5546 | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Kari Rector, by and through their undersigned attorneys, and for their Complaint, state as follows:

## PARTIES

1. Plaintiff Kari Rector is and was at all times relevant a citizen of the State of Oklahoma, domiciled in Miami, Oklahoma.

2. Plaintiff Clayton Rector is and was at all times relevant herein a citizen of the State of Oklahoma, domiciled in Miami, Oklahoma. At all relevant times, Clayton and Kari have been husband and wife and were working as team over-the-road truck drivers at the time of the events alleged herein.

3. Defendant Jeremy Owens is a citizen of State of North Carolina, domiciled in Henderson, North Carolina.

4. Defendant Barnes Transportation Services, Inc. ("Defendant Barnes") is a North Carolina corporation with its principal place of business at 2309 Whitley Rd E, Wilson, North Carolina 27893.

5. Defendant Kenzie Allan is a citizen of the State of North Carolina, domiciled in Marion, North Carolina.

6. Defendant Freightworks, LLC. is a North Carolina limited liability company with its principal place of business at 174 Edwards St., Rutherford, North Carolina 28139.

7. Defendant FreightWorks Logistics, LLC is a North Carolina limited liability company with its principal place of business at 668 Poors Ford Road, Rutherfordton, North Carolina, 28139.

8. Defendant Ashliegh Huffman is a citizen of the State of North Carolina, domiciled in Union Grove, North Carolina.

9. Defendant Crete Carrier Corporation is a Nebraska corporation with its principal place of business at 400 NW 56th St., Lincoln, Nebraska 68528

## JURISDICTION AND VENUE

10. This court has subject matter jurisdiction over this action under 28 USC § 1332 because the plaintiff and defendant parties are citizens of different states or of foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This court has personal jurisdiction over Defendants as they committed tortious acts in the State of Tennessee.

12. Venue is proper in this district under 28 USC § 1391 (a) and (b) because Defendants breached duties to Plaintiff in this District and committed tortious acts in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

13. On or about December 14, 2020, Defendant Jeremy Owens was operating a tractor trailer for Barnes Transportation going eastbound on Interstate 40 in Knox County, Tennessee. Defendant Owens lost control and jackknifed across all three lanes with his trailer coming to rest on its side.

14. At said time and place, Plaintiff Clayton Rector was driving a tractor trailer and was travelling eastbound on Interstate 40 in Knox County, Tennessee behind Defendant Owens. Plaintiff Kari Rector was a passenger in the tractor driven by her husband Clayton and was sleeping in the sleeper berth of that tractor trailer.

3
Case 3:21-cv-00409-CEA-DCP   Document 1   Filed 12/06/21   Page 3 of 12   PageID #: 3

15. Plaintiffs' vehicle was forced to slow and move to the shoulder because the Defendant Owen's trailer was blocking the roadway.

16. At said time and place, Defendant Allen was operating a tractor trailer for Defendant Freightworks, LLC and/or Freightworks Logistics, LLC behind Plaintiffs' vehicle. Defendant Allen failed to brake and drove her vehicle at a high rate of speed passed Plaintiffs and into the Owens' trailer that was blocking the roadway, splitting that trailer in two and causing the split trailer segment to hit Plaintiffs' vehicle.

17. The collision of the Allen vehicle with the Owen trailer was loud, violent and showered debris on Plaintiff's vehicle and around the roadway. The collision startled and woke Kari Rector, and as she was waking, the split segment of the Owens trailer tore a hole in the sleeper berth where she was waking.

18. At said time and place, Defendant Huffman was operating a tractor trailer for Defendant Crete Carrier behind the tractor trailer driven by Defendant Allen. Defendant Huffman failed to brake and veered out of her lane sideswiping the driver's side of Plaintiff's vehicle and colliding with the split trailer operated by Defendant Owens causing another loud and violent collision and showering more debris on Plaintiff's vehicle and around the roadway.

19. As a direct result of the aforesaid events, Plaintiff Clayton Rector suffered physical injuries including cuts, abrasions and bruises from shards of glass and debris and he has experienced extreme stress, anxiety and difficulty driving as a result of the trauma along with pain, suffering, and loss of enjoyment of life.

20. As a direct result of the aforesaid events, Plaintiff Kari Rector suffered physical injuries including a blow to the head and headaches and she has experienced extreme stress, anxiety and difficulty driving or riding in a tractor trailer as a result of the trauma along with pain, suffering,

and loss of enjoyment of life. The extreme stress and anxiety directly caused the onset of an auto-immune disorder that has and continues to cause damage to her internal organs, including her liver.

21. Because of the severity of her condition, Kari Rector has not been able to continue working as a professional truck driver.

22. Plaintiff Kari Rector has incurred substantial expenses for medical care and will incur substantial expenses in the future; she has lost wages and will continue to lose wages in the future and her earning capacity has been diminished.

## COUNT I
### PERSONAL INJURY CLAIMS AGAINST DEFENDANTS
### JEREMY OWENS AND BARNES TRANSPORTATION SERVICES, INC.

COME NOW Plaintiffs, and for their cause of action against Defendants Jeremy Owens and Barnes Transportation Services, Inc. realleges paragraphs 1 through 22 stated above and in addition state as follows:

23. Defendant Owens was careless and negligent in the operation of his vehicle in the following respects:

    a. In operating her vehicle at an excessive rate of speed under the circumstances;

    b. In failing to maintain control of his tractor and trailer in his lane of travel.

24. At all relevant times, Defendant Jeremy Owens was employed by Defendant Barnes Transportation Services, Inc. and was at the time of the crash operating the vehicle within the scope and course of said employment, and, therefore, said Defendant, is legally liable for the negligence of Defendant Owens by reason of respondeat superior and/or similar legal theories.

25. On information and belief, Defendant Barnes Transportation was directly negligent in several additional respects, including the following:

a.  failing to exercise ordinary care in screening Defendant Owens before hiring, including adequately investigating his background, driving history, and/or qualifications to work as a truck driver;

b.  failing to adequately train Defendant Owens; and/or

c.  failing to adequately supervise Defendant Owens.

d.  failing to follow Federal Motor Carrier Safety Regulations, including:

- the duty to require drivers to observe federal regulations, 49 C.F.R. § 390.11;

- the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;

- the duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;

- the duty not to "aid, abet, encourage, or require" its employees to violate federal regulations, 49 C.F.R. § 390.13;

- the duty to make investigations and inquiries regarding its drivers in accordance with 49 C.F.R. § 391.23;

- the duty to obtain a complete employment application before allowing a person to operate its commercial motor vehicle, 49 C.F.R. § 391.21;

- the duty to investigate its drivers' safety performance history with previous employers during the preceding three years, 49 C.F.R. § 391.23(a)(2), (c).

26. As a direct result of this Defendants' negligence, the Plaintiffs were damaged as described above.

WHEREFORE, Plaintiffs Kari and Clayton Rector pray for a judgment against Jeremy Owens and Barnes Transportation Services, Inc. in an amount that is fair and reasonable, and for her costs in this action, and for such further and different relief as the court may deem just and proper.

## COUNT II

**PERSONAL INJURY CLAIM AGAINST DEFENDANTS
KENZIE ALLAN AND FREIGHTWORKS, LLC. AND/OR FREIGHTWORKS
LOGISTICS, LLC**

COME NOW Plaintiffs, and for their cause of action against Defendants Kenzie Allan and Freightworks, LLC and/or Freightworks Logistics, LLC, states as follows:

27. Defendant Allen was careless and negligent in the operation of his vehicle in the following respects:

   a. In operating his vehicle at an excessive rate of speed under the circumstances;

   b. In following the vehicles in front too closely;

   c. In failing to keep a careful lookout for other vehicles and safety hazards;

28. At all relevant times, Defendant Allen was employed by Defendant Freightworks, LLC and/or Freightworks Logistics, LLC and was at the time of the crash operating the vehicle within the scope and course of said employment, and, therefore, said Defendant, is legally liable for the negligence of Defendant Allen by reason of respondeat superior and/or similar legal theories.

29. On information and belief, Defendant Freightworks, LLC and/or Freightworks Logistics, LLC was directly negligent in several additional respects, including the following:

7

a. failing to exercise ordinary care in screening Defendant Allen before hiring, including adequately investigating his background, driving history, and/or qualifications to work as a truck driver;

b. failing to adequately train Defendant Allen; and/or

c. failing to adequately supervise Defendant Allen.

e. failing to follow Federal Motor Carrier Safety Regulations, including:

- the duty to require drivers to observe federal regulations, 49 C.F.R. § 390.11;

- the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;

- the duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;

- the duty not to "aid, abet, encourage, or require" its employees to violate federal regulations, 49 C.F.R. § 390.13;

- the duty to make investigations and inquiries regarding its drivers in accordance with 49 C.F.R. § 391.23;

- the duty to obtain a complete employment application before allowing a person to operate its commercial motor vehicle, 49 C.F.R. § 391.21;

- the duty to investigate its drivers' safety performance history with previous employers during the preceding three years, 49 C.F.R. § 391.23(a)(2), (c).

30. As a direct result of this Defendants' negligence, the Plaintiffs were damaged as described above.

8

Case 3:21-cv-00409-CEA-DCP Document 1 Filed 12/06/21 Page 8 of 12 PageID #: 8

WHEREFORE, Plaintiffs Kari and Clayton Rector pray for a judgment against Defendants Kenzie Allan and Freightworks, LLC and/or Freightworks Logistics, LLC in an amount that is fair and reasonable, and for her costs in this action, and for such further and different relief as the court may deem just and proper.

## COUNT III

### PERSONAL INJURY CLAIM AGAINS DEFENDANTS ASHLIEGH HUFFMAN AND CRETE CARRIER CORPORATION

COME NOW Plaintiffs, and for their cause of action against Defendants Ashliegh Huffman and Crete Carrier Corporation, realleges paragraphs 1 through 30 stated above and in addition states as follows:

31. Defendant Huffman was careless and negligent in the operation of her vehicle in the following respects:

   a. In operating her vehicle at an excessive rate of speed under the circumstances;

   b. In following the vehicles in front too closely;

   c. In failing to keep a careful lookout for other vehicles and safety hazards;

32. At all relevant times, Defendant Huffman was employed by Defendant Crete Carrier Corporation and was at the time of the crash operating the vehicle within the scope and course of said employment, and, therefore, said Defendant, is legally liable for the negligence of Defendant Allen by reason of respondeat superior and/or similar legal theories.

33. On information and belief, Defendant Crete Carrier Corporation was directly negligent in several additional respects, including the following:

   a. failing to exercise ordinary care in screening Defendant Huffman before hiring, including adequately investigating her background, driving history, and/or qualifications to work as a truck driver;

9

b. failing to adequately train Defendant Huffman; and/or

c. failing to adequately supervise Defendant Huffman.

f. failing to follow Federal Motor Carrier Safety Regulations, including:

- the duty to require drivers to observe federal regulations, 49 C.F.R. § 390.11;

- the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;

- the duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;

- the duty not to "aid, abet, encourage, or require" its employees to violate federal regulations, 49 C.F.R. § 390.13;

- the duty to make investigations and inquiries regarding its drivers in accordance with 49 C.F.R. § 391.23;

- the duty to obtain a complete employment application before allowing a person to operate its commercial motor vehicle, 49 C.F.R. § 391.21;

- the duty to investigate its drivers' safety performance history with previous employers during the preceding three years, 49 C.F.R. § 391.23(a)(2), (c).

34. As a direct result of this Defendants' negligence, the Plaintiffs were damaged as described above.

WHEREFORE, Plaintiffs Kari and Clayton Rector pray for a judgment against Defendants Ashliegh Huffman and Crete Carrier Corporation in an amount that is fair and reasonable, and for her costs in this action, and for such further and different relief as the court may deem just and proper.

## COUNT IV

**KARI RECTOR LOSS OF CONSORTIUM CLAIM AGAINST ALL DEFENDANTS**

COMES NOW Kari Rector and for her claim against all Defendants, realleges paragraphs 1 through 34 stated above and in addition states as follows:

35. At all relevant times, Plaintiffs Kari Rector and Clayton Rector were lawfully married and continue to be married at this time.

36. As a direct result of the negligence of Defendant, described above, Kari Rector has lost the services and companionship of her husband.

WHEREFORE, Plaintiff Kari Rector prays for judgment against all Defendants in an amount that is fair and reasonable, and for his costs in this action, and for such further and different relief as the court deems proper.

## COUNT V

**CLAYTON RECTOR LOSS OF CONSORTIUM CLAIM AGAINST ALL DEFENDANTS**

COMES NOW Clayton Rector and for his claim against all Defendants, arising out of the injury to his wife Kari Rector, states and realleges paragraphs 1 through 31 as if set forth fully here in and in addition alleges as follows:

37. At all relevant times, Plaintiff Clayton Rector and Kari Rector were lawfully married and continue to be married at this time.

38. That as a direct result of the negligence of Defendant, as described above, Clayton Rector has lost the services and companionship of his wife.

WHEREFORE, Plaintiff Clayton Rector prays for a judgment against all Defendants, in an amount that is fair and reasonable, and for her costs in this action and for such further and different relief as the court deems proper.

11

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all causes of action alleged herein.

Respectfully submitted,

James V. O'Brien, MO Bar #31161
Andrew S. Buchanan, MO Bar #53824
BUCHANAN & WILLIAMS, P.C.
1105 E. 32nd St., Suite 5
Joplin, MO 64804
Telephone: 417-623-8220
FAX: 417-781-9706
Email: abuchanan@bwsattorneys.com

*ATTORNEYS FOR PLAINTIFF*