UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KARI RECTOR and CLAYTON RECTOR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:21-CV-409-CEA-DCP |
| ) | |
| JEREMEY OWENS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Amend Complaint by Interlineation and for Additional Time to Serve Defendant Allan Kenzie Cameron [Doc. 36]. No party filed a response to the motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **RECOMMENDS** that the District Judge **DENY** the motion [**Doc. 36**].

**I.    BACKGROUND**

Plaintiffs move pursuant to Rules 15(a) and (c) and 4(m) of the Federal Rules of Civil Procedure to amend their Complaint and to extend the time for service on Allan Kenzie Cameron, who is named "Kenzie Allen" in the original Complaint. According to Plaintiffs, "[t]his is a personal injury claim arising from a multi-vehicle motor . . . crash on December 14, 2020[,] in Knoxville, Tennessee [Doc. 36 p. 1]. Defendant Freightworks, LLC ("Freightworks") was involved in the multiple vehicle crash, and in the Tennessee Highway Patrol Accident Report, the driver of the Freightworks' tractor is identified as "Kenzie Cameron Allan" [*Id.*]. Plaintiffs attempted to serve Kenzie Cameron Allan without success [Doc. 36-1].

On January 13, 2022, Freightworks filed its Answer to the Complaint and admitted that "Allan Kenzie" was driving its tractor trailer at the time of the crash. [Doc. 36 p. 2]. According to Plaintiffs, Freightworks' Answer "included denials purportedly made on behalf of Defendant Allan" [Doc. 36 p. 2 (citing Doc. 14 ¶¶ 19, 20)]. On January 28, 2022, Plaintiffs' counsel sent a letter to Freightworks' counsel asking if he was representing the driver, and if not, to send the driver's last known contact information so that Plaintiffs could serve him [Doc. 36-2]. On February 21, 2022, Plaintiffs' counsel followed up via email [Doc. 36-3]. Plaintiffs state that "[n]o timely response was received" [Doc. 36 p. 2].

On March 22, 2022, the Court entered an Order to Show Cause [Doc. 18], directing Plaintiffs to show cause why their claims against Kenzie Allan and Freightworks should not be dismissed for failure to prosecute [Doc. 18]. On the same day, Plaintiffs filed a declaration [Doc. 20] showing that they had served Freightworks. Later, on April 4, 2022, Plaintiffs responded to the show cause order, stating, "Kenzie Allen is the employee/agent driver for Defendant Freightworks, LLC. Plaintiff has [sic] been unable to serve Defendant Allen at the address listed on the Tennessee Highway Patrol Crash Report" [Doc. 23 p. 1]. Plaintiffs stated that they had asked Freightworks' counsel for contact information, but counsel had not responded [*Id*. at 2]. They requested the "opportunity to conduct formal discovery from Freightworks, LLC regarding contact information for Allen before dismissal of the claim" [*Id*.].

Plaintiffs state that on June 1, 2022, Freightworks provide its initial disclosures pursuant to Rule 26 [*Id*.]. Freightworks identified "Allen Kenzie" as a witness but provided no address or contact information [Doc. 36-4 p. 2]. On June 1, 2022, Plaintiffs served interrogatories and request for production of documents on Freightworks [Doc. 36 p. 2]. Plaintiffs state that on November 28, 2022, Freightworks responded to their request for production of documents but failed to

respond to their interrogatories [*Id.*].[1]  Plaintiffs discovered in Freightworks' document production that the driver's correct name is not "Kenzie Cameron Allan" as indicated on the Tennessee Highway Patrol Crash Report; or "Allen Kenzie" as indicated by Freightworks in its initial disclosure; or "Allan Kenzie" as Freightworks indicated in its Answer.  Instead, Plaintiffs state that his correct name is "Allan Kenzie Cameron."  Freightworks' document production also contained a telephone number and potential service address for Allan Kenzie Cameron.  With this information, Plaintiffs believe they can obtain service within sixty (60) days.

**II.  ANALYSIS**

Plaintiffs seek "to amend by interlineation to insert the proper full name of the truck driver employee of Defendant Freightworks, LLC," and "additional time to serve Allan Kenzie Cameron" ("Cameron") [Doc. 37 pp. 1, 3].  Plaintiffs state that the time should be extended in light of the confusion regarding Cameron's name.  They assert that they have shown good cause for an extension to serve and that there is no prejudice to any party.  Specifically, Plaintiffs state that the Tennessee Highway Patrol Crash Report contained incorrect identifying and contact information, "Freightworks then delayed responding to interrogatories and document requests for a half a year[,]" and provided incomplete information in the initial disclosures [*Id*. at 2].

Plaintiffs state that "the amendment by interlineation should be allowed by the Court under Fed. R. Civ. P. 15(c)(1)(C)" and that "the extension of time in which to serve allowed under Rule 4(m) will render the service timely in satisfaction of Rule 15(c)(1)(C)" [Doc. 37 p. 2].  Rule 15(c)(1)(C) provides:

---

[1]  Plaintiffs state that they intend to file a motion to compel [Doc. 36 p. 2].  Plaintiffs filed a motion to compel on January 3, 2023 [Doc. 38].  On January 19, 2023, the Court denied the motion as moot [Doc. 41] given that Freightworks filed a Notice of Service of Answer to Plaintiffs' Interrogatories [Doc. 40].

> **(c) (1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(c)(i)–(ii). "The Sixth Circuit incorporates not only 'Rule 4(m)'s [90]–day baseline' but also 'Rule 4(m)'s good-cause baseline exception' into Rule 15's notice deadline." *Billups v. Scholl*, No. 2:13-CV-258, 2014 WL 4829462, at *4 (S.D. Ohio Sept. 29, 2014) (quoting *Jackson v. Herrington,* 393 F. App'x 348, 353 (6th Cir. 2010)). It is not clear whether Rule 15(c)(1)(C) applies in this instance given that Plaintiffs simply misspelled Cameron's name. *Spencer v. Holley Cent. Sch. Dist.*, No. 09-CV-6351, 2011 WL 13359546, at *3 (W.D.N.Y. Sept. 30, 2011) (finding Rule 15(c) not applicable because the plaintiff "is not adding a new party to the action but simply correcting an obvious error in the pronunciation of a defendant already named in the Complaint which led to the misspelling of his name"); *Johnson v. Skolski*, No. 06-13904, 2007 WL 141961, at *3 (E.D. Mich. Jan. 16, 2007) ("This is not a situation where [they have] named a person who is not the real party in interest, or named someone in the wrong capacity, or named the wrong party."). Even so, the Court finds that Plaintiffs have not established good cause for extending service in this case.

Rule of Civil Procedure 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

Plaintiffs state that they have established good cause for an extension to serve "in light of the incorrect identifying information in the crash report and Freightworks' answer and Initial Disclosure and the delay by Freightworks in responding to discovery" [Doc. 36 p. 3]. The Court finds these reasons do not establish good cause under the circumstances. "In general, good cause means 'a reasonable, diligent effort at proper service." *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (internal quotation omitted)). The Sixth Circuit recently provided examples of what constitutes good cause, such as "when the defendant intentionally evades services, or if there is an error on the court's part," or "when a pro se plaintiff suffers from a serious

illness." *Id.* (internal quotations omitted). "Common in all these examples is that something outside the plaintiff's control prevents timely service." *Id.*

The Court agrees that receiving incomplete information on the driver's identity and whereabouts would generally constitute good cause. But here, Plaintiffs were aware of this issue shortly after they filed the Complaint. Plaintiffs state that they asked Freightworks' counsel for the driver's last known contact information on January 28, 2022, and February 21, 2022 [Docs. 36-2 – 36-3]. Plaintiffs did not receive a response [*Id.*]. On March 22, 2022, the Court entered a show cause order [Doc. 18] directing Plaintiffs to show cause why the driver should not be dismissed for Plaintiffs' failure to serve him, and in response, on April 4, 2022, Plaintiffs requested the opportunity to conduct discovery [Doc. 23]. The parties filed their Rule 26(f) report on May 3, 2022 [Doc. 25], meaning that the parties could commence discovery. *See* Fed. R. Civ. P. 26(d)(1). Plaintiffs did not serve discovery until June 1, 2022. While Freightworks did not timely respond to the discovery, Plaintiffs waited seven months to file a motion to compel. During this time, Plaintiffs did not request an extension to serve the driver, and they do not explain why they waited seven months to file their motion to compel. Thus, given that Plaintiffs do not explain why they did not raise this issue with the Court earlier, the undersigned finds that the delay was not "something outside the plaintiff's control [that] prevent[ed] timely service." *Savoie*, 2022 WL 3643339, at *4,

As mentioned above, the Court can exercise its discretion and extend the time for service even absent a showing of good cause. *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 143 S. Ct. 782 (2023). The Sixth Circuit has articulated seven factors to consider:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id*.

Plaintiffs rest on their argument that they established good cause, so they have not referenced these factors. The Court has nonetheless reviewed them. The Court finds the first factor weighs against Plaintiffs' request. Plaintiffs were required to serve Cameron on or before March 7, 2022. *See* Fed. R. Civ. P. 4(m). They did not request an extension until January 3, 2023. The Court finds the extension is well beyond the time for original service. *Campbell v. Rutherford Cnty., Tennessee*, No. 3:17-CV-00797, 2018 WL 4030568, at *5 (M.D. Tenn. Aug. 23, 2018) (calling the extension "significant" given that the lawsuit was filed "well over a year ago") *report and recommendation adopted*, No. 3:17-CV-00797, 2018 WL 4776072 (M.D. Tenn. Oct. 2, 2018); *Winston v. Bechtel Jacobs Co., LLC*, No. 3:13-CV-192-TAV-CCS, 2015 WL 1192704, at *5 (E.D. Tenn. Mar. 16, 2015) (finding the first factor weighs against extending the time for service because the plaintiff "did not serve defendants until approximately fourteen months after filing her

complaint"). The second factor examines the prejudice to the defendant apart from the inherent burden in having to defend against a lawsuit. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). The Court does not have sufficient information to analyze this factor, although the undersigned notes that it appears that Plaintiffs have proceeded in taking discovery without Cameron.

With respect to the third factor, there is no indication that Cameron is aware of this suit, and therefore, the Court finds this factor weighs against Plaintiffs' request. Further, with respect to the prejudice to Plaintiffs, the Court finds this factor weighs in favor of their request as the statute of limitations may bar this claim. According to the Complaint, the accident occurred on December 14, 2020 [Doc. 1 ¶ 13]. *See* Tenn. Code Ann. § 28-3-104 (one-year statute of limitations for personal tort actions); *State Farm Mut. Auto. Ins. Co. v. Blondin*, No. M201401756COAR3CV, 2016 WL 1019609, at *3 (Tenn. Ct. App. Mar. 14, 2016) ("Personal injury actions have a one-year statute of limitations[.]"). But the fifth factor (i.e., whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies) weighs against Plaintiffs' request. As discussed above, Plaintiffs attempted to serve Cameron one time. While they attempted to ascertain his identity via discovery on June 1, 2022, they waited until January 2023 before filing a motion to compel this discovery.

With respect to the sixth factor, Plaintiffs are not proceeding pro se, so this factor weighs against their request. Finally, the Court has considered whether any other equitable factors weigh in Plaintiffs' favor. "Public policy favors disposition of cases on their merits." *Winston*, 2015 WL 1192704, at *6 (citing *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir. 1993) (other citation omitted)). Even so, "[i]f plaintiffs were always permitted to execute late service of process when dismissal would render their claims time-barred, it would 'effectively eviscerate Rule 4(m) and defeat the

purpose and bar of statutes of repose.'" *Id.* (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306, n.8 (3d Cir. 1995)). The Court does not find equitable considerations warrant an extension under these circumstances.

## III.    CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS**[2] that the District Judge **DENY** the Motion to Amend Complaint by Interlineation and for Additional Time to Serve Defendant Allan Kenzie Cameron [**Doc. 36**]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).