UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KARI RECTOR and CLAYTON RECTOR, | ) | |
|---|---|---|
| *Plaintiffs*, | ) | |
| | ) | Case No. 3:21-cv-409 |
| v. | ) | |
| | ) | Judge Atchley |
| JEREMY OWENS, et al., | ) | Magistrate Judge Poplin |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

On April 14, 2023, Magistrate Judge Debra C. Poplin filed her Report and Recommendation [Doc. 62], recommending the denial of Plaintiffs' Motion to Amend Complaint by Interlineation and for Additional Time to Serve Defendant Allan Kenzie Cameron [Doc. 36]. Plaintiffs Clayton Rector and Kari Rector filed a timely objection [Doc. 65] that received no response from Defendants. The Court has carefully considered Plaintiffs' Motion and Memorandum [Docs. 36 and 37], the Report and Recommendation [Doc. 62], Plaintiffs' Objection [Doc. 65], and other materials in the record. The Court has reviewed *de novo* the portions of the Report and Recommendation to which Defendant has properly objected. For reasons that follow, the Report and Recommendation [Doc. 62] will be **ACCEPTED AND ADOPTED** and Plaintiffs' Motion to Amend [Doc. 36] will be **DENIED**.

### I. FACTUAL BACKGROUND

The factual background in this case is set forth without objection in Magistrate Judge Poplin's Report and Recommendation. [Doc. 62]. Briefly, Plaintiffs move pursuant to Rule 15(a) and (c) and 4(m) of the Federal Rules of Civil Procedure to amend their Complaint and to extend the time for service on Allan Kenzie Cameron, who is named "Kenzie Allen" in the original

complaint. [Doc. 62 at 1]. Throughout January and February 2022, Plaintiffs attempted to find and serve "Kenzie Allen" [Doc. 36 at 2-3]. In April 2022, Plaintiffs responded to a show cause order stating "Kenzie Allen is the employee/agent driver for Defendant Freightworks, LLC. Plaintiff has [sic] been unable to serve Defendant Allen at the address listed on the Tennessee Highway Patrol Crash Report" [Doc. 23 at 1]. On June 1, 2022, Plaintiffs served interrogatories and request for production of documents on Freightworks. [Doc. 36 at 2]. Plaintiffs state that on November 28, 2022, Freightworks responded to their request for production but failed to respond to Plaintiffs' interrogatories. [*Id.*]. Subsequently, Plaintiffs claim to have discovered in the document production that the driver's correct name is not "Kenzie Cameron Allan" as indicated on the Tennessee Highway Patrol Crash Report; or "Allen Kenzie" as indicated by Freightworks in its initial disclosure; or "Allan Kenzie" as Freightworks indicated in its Answer. Rather, Plaintiffs state Freightworks' document production reveal a telephone number and potential service address for "Allan Kenzie Cameron."

On January 3, 2023, Plaintiffs filed their Motion for Leave to Amend [Doc. 36] seeking "to amend by interlineation to insert the proper full name of the truck driver employee of Defendant Freightworks, LLC," and "additional time to serve Allan Kenzie Cameron." ("Cameron") [Doc. 37 at 1, 3]. Magistrate Judge Poplin reviewed the Motion, determining that given the facts and circumstances in this matter, Plaintiffs had not established good cause for extending additional time for service. [Doc. 62 at 4]. Plaintiffs timely objected. [Doc. 65]. The Court is now prepared to rule on this matter.

## II. STANDARD OF REVIEW

When a pretrial matter is dispositive of a party's claim or defense, the district judge may refer the matter to the magistrate judge for a report and recommendation. Fed. R. Civ. P. 72(b)(1); *see* 28 U.S.C.A. § 636(b)(1)(B). The magistrate judge must recommend a disposition, including, if appropriate, proposed findings of fact. Fed. R. Civ. P. 72(b)(1). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make *a de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with further instructions. *Id.*

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

**III.    ANALYSIS**

The R&R concluded that Plaintiffs did not establish good cause for extending service in this case, and further, that consideration of the equitable factors[1] articulated by the Sixth Circuit in *United States v. Oakland Physicians Med. Ctr., LLC,* 44 F.4th 565, 569 (6th Cir. 2022) did not warrant a discretionary extension in the absence of good cause shown. [Doc. 62 at 4 and 6-9]. Plaintiffs' objections can be divided into two categories.

First, Plaintiffs object to the R&R's finding that good cause for extending service does not exist. They agree with the R&R's timeline of the proceedings, but they object to the Magistrate Judge's determination that they have not established good cause under the circumstances. [Doc. 65 at 3]. The Court has reviewed this issue and agrees with Magistrate Judge Poplin that good cause has not been established here for extending service. Particularly, with over a year between the filing of the complaint [Doc. 1] and the Motion to Amend [Doc. 36], alongside substantial communications between the parties in the interim, the delay in requesting such an extension was not "something outside the plaintiff's control [that] prevent[ed] timely service." *Savoie v. City of E. Lansing, Michigan,* No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). While the

---

[1]The Sixth Circuit determined "that a district court should consider the following factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:
(1) whether an extension of time would be well beyond the timely service of process;
(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
(3) whether the defendant had actual notice of the lawsuit;
(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case."
*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 215 L. Ed. 2d 51, 143 S. Ct. 782 (2023).

Court notes Plaintiffs' reluctance to file a motion to compel sooner in the process,[2] the practical reality is that Plaintiffs waited seven months after serving discovery to file their motion to compel and formally advance their efforts to serve Cameron. They did not request an extension to serve during that period.

Second, Plaintiffs object to Magistrate Judge Poplin's conclusion that a discretionary extension is not warranted under the equitable factors from *United States v. Oakland Physicians Med. Ctr., LLC*. Having reviewed the interpretation and analysis of the factors from both sides, the Court agrees with Magistrate Judge Poplin's determination that a discretionary extension is not warranted here.

On the first factor, the extension of time requested on January 3, 2023, is well beyond what could be considered timely service of process for a case filed in December 2021. The Court finds there is insufficient information to analyze the second factor, noting that Plaintiffs have proceeded in taking discovery without the appearance of Cameron. The third factor weighs against Plaintiffs' request, as there is no indication that Cameron is aware of this suit. Regarding the fourth factor, the Court finds it weighs in favor of Plaintiffs' request – refusal of such an extension may deny Plaintiffs the opportunity to sue Cameron. However, the fifth factor weighs heavily against Plaintiffs' request given the substantial amount of time they waited to file a motion to compel to resolve this service issue. The sixth factor too weighs against Plaintiffs' request, as they are not pro se litigants to whom additional latitude need be afforded. Having read Plaintiffs' position on the seventh factor alongside Magistrate Judge Poplin's considerations, the Court does not find equitable factors relevant to the unique circumstances of this case that outweigh the many factors weighing against Plaintiffs' request. In sum, while Plaintiffs may face some prejudice by this

---

[2] Plaintiffs' counsel claimed practical considerations in that all involved counsel are familiar with each other. As such, they expected to resolve the service issue without the need to involve the Court. [Doc. 65 at 1-3].

denial, the responsibility ultimately falls on their own shoulders given the significant amount of time that passed between notice of the service issue and their recorded actions to resolve it. The Court agrees with the Report and Recommendation and does not find equitable considerations weighing in favor of a discretionary service extension in this matter.

## IV. CONCLUSION

As explained above, the Court agrees with Magistrate Judge Poplin's Report and Recommendation to **DENY** Plaintiffs' Motion to Amend. [Doc. 36]. Plaintiffs have not shown good cause for extending service in this matter, and further, the Court finds that consideration of equitable factors does not warrant a discretionary extension in the absence of good cause shown. Accordingly, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Poplin's Report and Recommendation [Doc. 62] and Plaintiffs' Motion to Amend [Doc. 36] is **DENIED**.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE